UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **KELVIN STALLION** | **CIVIL ACTION NO. 25-cv-0169** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **ST FRANCIS MEDICAL CENTER ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) filed by Dr. Mohammad Aly Bakeer ("Bakeer") and St. Francis Medical Center ("SFMC"). [docs. #10, 18, 22, 23]. Plaintiff Kelvin Stallion ("Stallion") opposes the motions. [docs. #14, 25, 27].

For reasons assigned below, **IT IS RECOMMENDED** that the motions be **DENIED IN PART AND GRANTED IN PART.**

## BACKGROUND

On February 11, 2025, Stallion, who is proceeding *pro se*, filed an initial Complaint against Bakeer and SFMC (collectively, "Defendants"). [doc. #1]. Stallion alleged violations of the Americans with Disabilities Act ("ADA"), codified at 42 U.S.C. §§ 12101, *et. seq.*, 42 U.S.C § 1983; and state tort law. *Id*. All of Stallion's claims arise from surgeries performed in March 2023 and May 2023 to treat his hidradenitis suppurativa ("HS"). *Id*. Stallion alleged that he was subjected to these surgeries without his authorization and that they caused further medical complications. *Id*.

On March 21, 2025, SFMC filed a "Motion to Dismiss Pursuant to Rule 12(B)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure." [doc. #10]. Subsequently, Bakeer filed his own 12(b)(1) and 12(b)(6) motions to dismiss. [doc. # 8]. Both Bakeer and SFMC argued in their motions that the ADA and Section 1983 claims are time barred by the applicable statute of limitations. [docs. #10, 18]. Further, they alleged that, if the claims are not time barred, then Stallion failed to state a claim under either the ADA or Section 1983. *Id.* Specifically, Defendants argued that Stallion has failed to state sufficient facts to support that they are state actors under Section 1983. Further, Defendants argued that Stallion has failed to show that he is disabled as defined by the ADA or linking any such disability to any mistreatment or lack of accommodation by Defendants. *Id.* Finally, Defendants argued that because Stallion had failed to state a claim under federal law, the Court should decline to exercise supplemental jurisdiction over Stallion's state law claims under 28 U.S.C. § 1367(c).

On April 10, 2025, Stallion filed an Amended Complaint incorporating his initial Complaint and clarifying his federal law claims. [doc. #21]. Specifically, Stallion alleged that Defendants violated the ADA because they failed to accommodate his disability through less invasive treatments for his HS. *Id.* Stallion also re-asserted his Section 1983 claim, alleging that Defendants violated his constitutional right to bodily integrity. *Id.*

On April 24, 2025, Defendants filed Supplemental Motions to Dismiss in response to Stallion's Amended Complaint. [docs. #22, 23]. SFMC re-asserted that Stallion had not alleged facts sufficient to state a claim in either the Complaint or Amended Complaint. [doc. #22]. SFMC also asserted that Stallion had voluntarily dismissed any state law claims in a motion attached as an exhibit to his Amended Complaint. *Id.* Bakeer also reasserted his arguments as to the federal law claims. [doc. #23]. Bakeer additionally argued that Stallion's state law claims of medical

2

malpractice are premature for failure to exhaust administrative remedies and that both the malpractice claims and general state tort law claims are prescribed. *Id*.

On May 15, 2025, Stallion filed oppositions to the Defendants' motions to dismiss. [docs. #25, 27].

Defendants did not file reply memoranda.

Accordingly, the matters are now ripe.

## LAW AND ANALYSIS

### I. Legal Standard

#### A. Federal Rule of Civil Procedure 12(b)(1)

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims." *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges a federal court's subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted).

In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts. *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001); *see also Barrera-Montenegro v. USA & DEA*, 74 F.3d 657, 659 (5th Cir. 1996). When examining a factual challenge to subject matter jurisdiction that does not implicate the merits of plaintiff's cause

of action, the district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997); *see also Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986). Accordingly, the Court may consider matters outside the pleadings, such as testimony and affidavits. *See Garcia*, 104 F.3d at 1261. A court's dismissal of a case for lack of subject matter jurisdiction is not a decision on the merits, and the dismissal does not necessarily prevent the plaintiff from pursuing the claim in another forum. *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

### B. Federal Rule of Civil Procedure 12(b)(6)

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A pleading states a claim for relief, *inter alia*, when it contains a "short and plain statement ... showing that the pleader is entitled to relief ..." FED. R. CIV. P. 8(a)(2).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility does not equate to possibility or probability; it lies somewhere in between. *See Iqbal*, 556 U.S. at 678. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556. Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal*, 556 U.S. at 678. A pleading comprised of "labels and

conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010) (citation omitted).

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. (citation omitted). A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly*, 550 U.S. at 556. Nevertheless, a court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319 (1989).

**II.    Analysis**

    **A.    Motions to Dismiss for Lack of Jurisdiction**

"When a motion to dismiss for lack of jurisdiction 'is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.'" *Crenshaw-Logal v. City of Abilene, Texas*, 436 F. App'x. 306, 308 (5th Cir. 2011) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)); *see also Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011); FED. R. CIV. P. 12(h)(3).

This Court finds that federal question jurisdiction under 28 U.S.C. § 1331 has been established. "[F]ederal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 474 (1998) (citations omitted). Section 1331 jurisdiction is properly invoked when plaintiff pleads a colorable claim "arising under" the Constitution or laws of the United States. *Arbaugh v.*

5

*Y & H Corporation*, 546 U.S. 500 (2006).  Indeed, "[t]he assertion of a claim under a federal statute alone is sufficient to empower the District Court to assume jurisdiction over the case…" *Cervantez v. Bexar County Civil Service Commission*, 99 F.3d 730, 733 (5th Cir. 1996) (quoting, *Holland/Blue Streak v. Barthelemy*, 849 F.2d 987, 988-989 (5th Cir. 1988)).

In both his initial Complaint and Amended Complaint, Stallion alleges violations of the ADA and Section 1983.  [docs. #1, 21].  This Court has original jurisdiction over both of these claims which arise under federal law, triggering the exercise of federal question jurisdiction.  *See Smith v. Barrett Daffin Frappier Turner & Engel, LLP*, 735 Fed. App'x 848, 853 (5th Cir. 2018).  Moreover, this Court may exercise supplemental jurisdiction over Stallion's state law claims.  The federal and state law claims both arise from the alleged unauthorized surgeries and, thus, are so related that they form part of the same case or controversy.  While the Court may certainly decline to exercise supplemental jurisdiction over any remaining state law claims if the federal claims are dismissed, such a decision is discretionary, not jurisdictional.  *See Mobil Oil Corp. v. Kelley,* 493 F.2d 784, 786 (5th Cir.1974) (noting that jurisdiction "is determined at the outset of the suit").

Therefore, **IT IS RECOMMENDED** that Bakeer and SMFC's Motions be **DENIED** insofar as they seek to dismiss Stallion's claims for lack of subject matter jurisdiction.

### B. Motions to Dismiss for Failure to State a Claim

Section 1983 provides a cause of action for individuals who have been "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person or entity acting under color of state law.  42 U.S.C. § 1983.  To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.  *Leffall v. Dallas Indep. Sch. Dist*., 28 F.3d 521, 525 (5th Cir. 1994).  Because

§ 1983 merely provides a remedy for designated rights, rather than creating any substantive rights, "an underlying constitutional or statutory violation is a predicate to liability." *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (citation omitted). This requires the plaintiff to identify both the constitutional violation and the responsible person acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156, 98 S. Ct. 1729, 56 L. Ed. 2d 185 (1978).

Civil rights complaints filed by pro se litigants are to be liberally construed in determining if they have pled sufficient facts to survive a motion to dismiss. *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994). However, even under this more favorable standard of review, it is clear that Stallion's Section 1983 and ADA claims are untimely and, further, fail to state claims upon which relief may be granted.

*1. Untimeliness of Section 1983 and ADA Claims*

"[T]he statute of limitations for a Section 1983 action is a state's general or residual personal injury statute of limitations." *Brown v. Pouncy*, 93 F.4th 331, 334 (5th Cir. 2024) (citation omitted). The Fifth Circuit has also found that discrimination claims under the ADA are analogous to personal injury tort claims because they involve "injury to the individual rights of a person." *Frame v. City of Arlington*, 657 F.3d 215, 237 (5th Cir. 2011) (citing *N. Star Steel Co. v. Thomas*, 515 U.S. 29, 34 (1995); *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985); 28 U.S.C. § 1652). Here, as Defendants correctly point out, at the time of Stallion's alleged injuries, the State of Louisiana had a one-year statute of limitations/prescriptive period for tort claims.[1] LA. CIV. CODE art. 3492

---

[1] Since that time, the Louisiana Legislature acted to extend the prescriptive period for torts to a two-year period. *See* LA. CIV. CODE art. 3493.1. However, Article 3493.1 has "prospective application only," and its two-year prescriptive period "shall apply to delictual actions arising after the [July 1, 2024] effective date of [Act 423]." TORT ACTIONS, 2024 La. Sess. Law Serv. Act 423 (H.B. 315). Because the claims in the instant action occurred before July 1, 2024, the former Article 3492 and its one-year prescriptive period apply. *See Allied World Nat'l Assurance*

7

(repealed by Acts 2024, No. 423, § 2, eff. July 1, 2024). Stallion alleges that he was subjected to surgeries without his authorization in March and May of 2023. [docs. #1, 21]. He did not file an original Complaint in this Court until February 11, 2025, nearly two years later and well outside the prescriptive period. [doc. #1].

Stallion does not dispute the timing, but instead argues that he was prevented from filing suit because of procedural obstructions hindering his ability to discover specific facts which, in turn, delayed the accrual of his injury until December 31, 2024. [doc. #27]. Stallion also asserts that he is entitled to equitable tolling because of the health complications brought on by the Defendants' actions. *Id*. Thus, the Court must consider, first, when Stallion's claims accrued, and, second, whether the claims were tolled for any period of time.

### a. Accrual

While federal courts borrow the limitations period from state law, "the particular accrual date of a federal cause of action is a matter of federal law." *Frame v. City of Arlington*, 657 F.3d 215, 238 (5th Cir. 2011). Under federal law, a claim accrues, and the limitations period begins to run "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Spotts v. United States*, 613 F.3d 559, 574 (5th Cir. 2010) (quoting *Piotrowski v. City of Houston*, 51 F.3d 512, 515 n.5 (5th Cir. 1995). The Fifth Circuit has held that a "plaintiff's awareness encompasses two elements: (1) [t]he existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." *Piotrowski*, 237 F.3d at 576 (citation and internal quotation marks omitted). However, "[a] plaintiff need not know that she has a legal cause of action…she need know only the facts that

---

*Co. v. Nisus Corp.*, 134 F.4th 821, 826 n.3 (5th Cir. 2025) (applying the former Article 3492's one-year prescriptive period to tort claim arising from facts occurring before July 1, 2024).

8

would ultimately support a claim." *Id.* Finally, awareness for accrual purposes does not mean actual knowledge; rather, all that must be shown is the existence of "circumstances [that] would lead a reasonable person to investigate further." *Id.* (citation and internal quotation marks omitted).

Here, Stallion alleges that Defendants subjected him to two surgeries he did not authorize and that he suffered health consequences as a result. Accepting his allegations as true, he was fully aware he did not authorize the surgeries, and he was aware when he suffered the allegedly related health consequences. At the least, the circumstances alleged would have prompted a reasonable person to investigate further. [docs. #1, 21]. While Stallion argued that he was hindered by his "severe incapacity and procedural obstruction," he clarified that he needed additional time to determine the "factual/legal basis for his complex" ADA and Section 1983 claims. [doc. #27, pp. 16-17]. In this case, Stallion knew **more** than is necessary for his claims to accrue he appears to allege that he was aware of his injuries, was aware who caused them, and was aware that he had some type of legal action. His claims accrued in March and May of 2023 when the allegedly unauthorized surgeries were performed. Even if the Court were to use the date of his later surgery, he failed to file suit within one year of May 2023, and his ADA and Section 1983 claims are untimely unless equitable tolling principles apply.

b. Equitable Tolling

"When a federal cause of action borrows a state statute of limitations, 'coordinate tolling rules' are usually borrowed as well." *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 764 (5th Cir. 2015) (quoting *Bd. of Regents of the Univ. of N.Y. v. Tomanio*, 446 U.S. 478, 484 (1980); *see also Lopez-Vences v. Payne*, 74 F. App'x 398, 398 (5th Cir. 2003); *Clifford v. Gibbs*, 298 F.3d 328, 333 (5th Cir. 2002). Under Louisiana law, a limitations period may be suspended or tolled for equitable reasons, which have been expressed in the civilian legal principle of *contra non*

*valentem. Crane v. Childers*, 655 F. App'x 203, 204 (5th Cir. 2016) (citing *Corsey v. State*, 375 So. 2d 1319, 1321 (La. 1979)). *Contra non valentem* excepts a plaintiff from an applicable prescriptive period. *Kling Realty Co. v. Chevron USA, Inc*., 575 F.3d 510, 517 (5th Cir. 2009) (quoting *Cole v. Celotex Corp.*, 620 So.2d 1154, 1156 (La. 1993)).

Louisiana has recognized four factual situations in which the doctrine of *contra non valentem* applies so as to prevent the running of liberative prescription:

> (1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action;
>
> (2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting;
>
> (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; or
>
> (4) where the cause of action is neither known nor reasonably knowable by the plaintiff even though plaintiff's ignorance is not induced by the defendant.

*Marin v. Exxon Mobil Corp.*, 2009-2368 (La. 10/19/10), 48 So. 3d 234, 245 (citation omitted).

Here there is no legal cause that prevented the courts from taking cognizance of or acting on Stallion's action. There is no condition connected with other proceedings that prevented him from filing this lawsuit. On the contrary, Stallion filed suit previously in state court and then in this Court, indicating that he clearly is not prevented from filing suit against these Defendants for these types of claims. It appears that Stallion invokes the third and fourth situations in which *contra non valentem* may apply. Stallion alleges that his physical incapacity was a result of Defendants' actions. He alleges further that his incapacity, as well as the complex nature of his legal claims, prevented him from making a filing while managing his health complications. [doc. #27].

The Fifth Circuit has instructed that "[t]he doctrine tolls prescription only in ... [certain] 'exceptional circumstances,' " two of which are relevant to this case: (1) "where the cause of action is not known or reasonably knowable by the plaintiff, even though this ignorance is not induced by the defendant," and (2) "where the defendant has done some act effectually to prevent the plaintiff from availing himself of his cause of action." *Allied World Nat'l Assurance Co. v. Nisus Corp.,* 134 F.4th 821, 827 (5th Cir. 2025) (citation omitted); *see also* LA. CIV. CODE art. 3467, Official Revision Comment (d).

Stallion's claims do not meet the requisite "exceptional" circumstances for the doctrine of *contra non valentem* to apply under either the third or fourth factual situations. With regard to the third category, Stallion has pointed to no actions by Defendants preventing his filing of this lawsuit. His allegations that they caused his injuries and his injuries prevented his filing do not support application of the third situation.

Finally, Stallion was fully aware that he did not authorize the surgeries, and his causes of action were reasonably knowable to him. Neither Stallion's physical health, the complexity of his potential legal causes of action, nor these two hindrances combined constitute the exceptional circumstances envisioned by the courts for the application of equitable tolling. Once Stallion knew of his injuries (his surgeries), he knew he had some type of claim, and he had a duty to exercise reasonable diligence to pursue any such claims. Stallion's claims accrued more than one year prior to his filing suit in February 2025, and they were not subject to equitable tolling.

Therefore, it is **RECOMMENDED** that Defendants' motions to dismiss for failure to state a claim be **GRANTED**, and Stallion's ADA and Section 1983 claims be **DISMISSED WITH PREJUDICE** as untimely.

### 2. *Lack of State Action for his Section 1983 Claims*

Assuming arguendo that Stallion timely filed his claims, his Section 1983 claims are also subject to dismissal because he failed to allege facts to establish state action. Section 1983 only affords a remedy for the deprivation of a Constitutional right "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982). "[T]he party charged with the deprivation must be a person who may fairly be said to be a state actor." *Id*. at 937. This includes one who is in fact a state official, one who "has acted with or has obtained significant aid from state officials," or one whose "conduct is otherwise chargeable to the State." *Id*. The Fifth Circuit has made clear that a hospital does not become a state actor simply due to receipt of public funds and being subject to state regulation. *Wheat v. Mass*, 994 F.2d 273, 276 (5th Cir. 1993) (a hospital does not become a state actor simply due to receipt of public funds and being subject to state regulation). Similarly, there is no authority for the proposition that a physician becomes a state actor even if he receives state funds in some form.

Generally, a suit under Section 1983 cannot be brought against a private person or entity acting in a private capacity. A non-state or private actor can, however, be held liable under a Section 1983 cause of action if the actor engaged in "a conspiracy with state actors to violate [the plaintiff's] constitutional rights." *Tebo v. Tebo*, 550 F.3d 492, 496 (5th Cir. 2008); *see Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004) (private company not liable under § 1983 unless plaintiff alleges and proves an agreement between private and public defendants to commit an illegal act resulting in a deprivation of the plaintiff's constitutional rights).

Here, Stallion has made no factual allegations to show that Defendants acted other than in their respective private capacities. He has made no allegations to support a showing that

12

Defendants are state actors or that they conspired with state actors to cause Stallion's constitutional injuries.

Therefore, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss be **GRANTED** as to Stallion's Section 1983 claims and those claims be **DISMISSED WITH PREJUDICE** for failure to state a claim.

### 3. *Failure to Allege Necessary Elements of his ADA Claims*

Title III of the ADA generally prohibits discrimination against an individual "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations or any place of public accommodation . . . ." 42 U.S.C. § 12182(a) (2006); *see also McNeil v. Time Ins. Co.*, 205 F.3d 179, 186 (5th Cir. 2000) ("Title III prohibits the owner, operator, lessee, or lessor from denying the disabled access to, or interfering with their enjoyment of, the goods and services of a place of public accommodation."). To state a prima facie claim under Title III of the ADA, a plaintiff must show: (1) that he is disabled within the meaning of the ADA, (2) that the defendant is a private entity that owns, leases, or operates a place of public accommodation, and (3) that the defendant took adverse action against the plaintiff that was based upon the plaintiff's disability. *Gonzales v. H.E. Butt Grocery Co.*, 226 Fed. App'x. 342, 2007 WL 803430 at * 2 (5th Cir. 2007). As set forth in 42 U.S.C. § 12181(7)(F), hospitals are considered entities providing public accommodations, satisfying the second elements of an ADA claim. However, Stallion has failed to allege facts to support elements one and three.

Turning to the first element, Stallion has failed to allege that he is disabled within the meaning of the ADA. The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment[.]" 42 U.S.C. § 12102(1).

13

Stallion alleges only that he has HS which has been found to be a qualifying disability by the Social Security Administration in certain situations. He also claims that the surgeries performed without his consent exacerbated his pre-existing disability. However, such conclusory assertions are insufficient. While Stallion has alleged a physical impairment, his failure to alleges facts establishing the nature and extent of the impairment is fatal to his claim under Title III. *See Adamore v. Sw. Airlines Corp.*, No. H-11-0564, 2011 U.S. Dist. LEXIS 144758, 2011 WL 6301398, at *7 (N.D. Tex. Dec. 15, 2011) (plaintiff failed to state a claim for which relief may be granted when she "summarily state[d] that she is disabled, she d[id] not identify her disability and pl[ed] no facts linking her alleged disability to any mistreatment or lack of accommodation"). It is not just the presence of a physical impairment or that this type of impairment may, in some circumstances, rise to the level of a disability. Rather, when, as here, Stallion asserts that he suffers from an actual disability, he has a duty to allege facts with sufficient specificity to demonstrate that his impairment substantially limits him in one or more major life activity.[2]

Further, Stallion's Complaint also fails to sufficiently allege that Defendants discriminated against him because of his disability. While Title III provides many definitions of discrimination, the one most applicable to Stallion's case defines discrimination as "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities[.]" 42 U.S.C. § 12182(b)(2)(A)(ii). The fact that a patient is provided or denied medical care does not in and of itself create a Title III claim merely because the patient happens

---

[2] Stallion does not appear to allege that Defendants violated his rights under the ADA based on a record of disability or because they perceived him as disabled. If he intended to assert these types of claims, he certainly failed to make sufficient factual allegations in support of those claims either.

14

to be disabled. *See Smith v. Bastrop Med. Clinic, P.A., Inc.*, No. A-11-CA-330, 2011 U.S. Dist. LEXIS 96407, 2011 WL 3844223, at *4 (W.D. Tex Aug. 29, 2011) ("[The plaintiff] fails to state which disability is the basis of his claim under the ADA or how the Defendants discriminated against him because of that disability. Instead, [plaintiff] merely states that he is disabled and was, at some point, denied service.") (emphasis in original); *see also Davenport v. Walmart, Inc.*, 2025 WL 2301189 at *6 (La. M.D.) (holding that Defendant's restriction of the use of digital payment for all customers does not automatically become a violation of Title III merely because one of those customers also happens to be disabled."). Stallion alleges that Defendants failed to provide a reasonable accommodation because they did not properly communicate and failed to perform less invasive procedures. However, Stallion has alleged no facts to demonstrate that his alleged disability affected his ability to communicate or understand medical personnel, much less how Defendants failed to accommodate that disability. Further, there is no authority for the proposition that less invasive medical procedures constitute a reasonable accommodation under the ADA. Stallion has done nothing more than attempt to repackage his medical malpractice claim as a failure-to-accommodate claim under the ADA.

Therefore, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss be **GRANTED** as to Stallion's ADA claims, and, on these alternative bases, the claims be **DISMISSED WITH PREJUDICE** for failure to state a claim.

### C. Supplemental Jurisdiction

Stallion's remaining claims all arise under Louisiana law. "When . . . all claims which confer federal subject matter jurisdiction are dismissed, the court may decline to exercise supplemental jurisdiction over remaining state law claims." *Bears Towing & Recovery of Ouachita Inc. v. Team Hosey Express LLC*, 2024 WL 1707295, at *2 (W.D. La. Apr. 4, 2024)

(citing 28 U.S.C. § 1367(c)(3); *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."). In considering factors such as "judicial economy, convenience, fairness, and comity," the Fifth Circuit has held that district courts should "decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial." *Manyweather v. Woodlawn Manor, Inc.*, 40 F.4th 237, 242 (5th Cir. 2022) (quoting *Heggemeier v. Caldwell County, Texas*, 826 F.3d 861, 872 (5th Cir. 2016)).

Therefore, **IT IS RECOMMENDED** that Stallion's remaining state law claims should be **DISMISSED WITHOUT PREJUDICE**.[3]

## CONCLUSION

For the foregoing reasons,

**IT IS RECOMMENDED** that Defendant SFMC's motion to dismiss [doc. #10, 22] be **GRANTED IN PART and DENIED IN PART.** Insofar as SFMC moves to dismiss Stallion's claims for lack of subject matter jurisdiction **IT IS RECOMMENDED** that the motion be **DENIED**. **IT IS FURTHER RECOMMENDED** that SMFC's motion to dismiss for failure to state a claim be **GRANTED**, and Stallion's ADA and Section 1983 claims against Defendant SFMC be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that Defendant Bakeer's motion to dismiss [doc. #18, 23] be **GRANTED IN PART AND DENIED IN PART**. Insofar as Bakeer moves to dismiss Stallion's claims for lack of subject matter jurisdiction **IT IS RECOMMENDED** that

---

[3] For this reason, the Court does not reach Bakeer's substantive arguments on Stallion's state law claims.

the motion be **DENIED**.  **IT IS FURTHER RECOMMENDED** that Bakeer's motion to dismiss for failure to state a claim be **GRANTED**, and Stallion's ADA and Section 1983 claims against Defendant Bakeer be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that the remaining state law claims against Defendants SFMC and Bakeer be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FED. R. CIV. P. 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under FED. R. CIV. P. 6(b).  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION SET FORTH ABOVE, WITHIN 14 DAYS AFTER BEING SERVED WITH A COPY, SHALL BAR THAT PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**  *See Douglass v. U.S.A.A.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

In Chambers, at Monroe, Louisiana, on this 8th day of December, 2025.

_____
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE